UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKHEEM D. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. LENG,<br><br>Defendant. | No. 1:17-cv-01256-DAD-SKO<br><br>ORDER DISMISSING COMPLAINT AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. No. 2) |

On September 19, 2017, plaintiff filed a complaint naming United States Magistrate Judge Michael J. Seng[1] as the lone defendant. (Doc. No. 1.) Plaintiff at the same time filed a motion to proceed *in forma pauperis*. (Doc. No. 1.) The court has screened plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), and will dismiss it since the named defendant is entitled to judicial immunity, as more fully explained below.

In his complaint, plaintiff alleges that Magistrate Judge Seng violated his constitutional rights by dismissing a prior case he had filed, *Akheem D. Williams v. Patrick Jurdon, et al.*, No. 1:17-cv-00860-LJO-MJS. A review of the docket in the case earlier case referred to be plaintiff reveals that Magistrate Judge Seng did issue findings and recommendations on September 11,

---

[1] Judge Seng is incorrectly identified in the complaint and the caption of plaintiff's complaint as Michael "Leng."

1

2017, recommending that plaintiff's complaint filed in that case be dismissed without leave to amend.[2] Those findings and recommendations have not yet been adopted or rejected by the assigned district judge.

Regardless of whether those findings and recommendations are eventually adopted, it is clear plaintiff cannot state a cognizable claim against the named defendant in this action. Plaintiff is attempting to state a claim against a judge of this court based solely on that judge's issuance of findings and recommendations as a judicial officer. That sort of claim is barred. "It has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'" *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Therefore, even if plaintiff had alleged defendant acted maliciously or in bad faith, which he has not done, defendant's immunity would still be absolute. *Id.*; *see also Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985). "As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).

Therefore, it is clear any claim plaintiff may attempt to state against defendant here is barred by judicial immunity. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (noting court may dismiss a complaint "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"). Moreover, it is also clear that, even construing the allegations of the complaint liberally, plaintiff can prove no set of facts under which he would be entitled to relief and amendment could not circumvent judicial immunity here. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *Weilburg v. Shapiro*, 488 F.3d 1201, 1205 (9th Cir. 2007). Therefore, this case will be dismissed with prejudice and without leave to

/////

/////

---

[2] A court may take judicial notice of its own files and records. Fed. R. Evid. 201; *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015).

amend. Plaintiff's motion to proceed *in forma pauperis* is denied as having been rendered moot by this order. (Doc. No. 2.)[3]

For the reasons set forth above:

1. Plaintiff's complaint is dismissed without leave to amend and prejudice and with prejudice for failure to state a cognizable claim;

2. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is denied as having been rendered moot by this order; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**December 7, 2017**__  _____
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff is advised that the appropriate way to register an objection to defendant's findings and recommendations in another case in this court is to file objections within that case, in accordance with the court's orders therein.